# Exhibit A

**SILVER GOLUB & TEITELL LLP**



January 26, 2022

<u>Via E-mail</u>

Jay B. Kasner
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
jay.kasner@skadden.com

**Re:** *Underwood et al v. Coinbase Global, Inc.*, 1:21-cv-08353-PAE (S.D.N.Y.)

Dear Jay:

  We write on behalf of Plaintiffs Louis Oberlander, Henry Rodriguez, Christopher Underwood, and the putative Class, for which we have been appointed lead counsel in *Underwood et al v. Coinbase Global, Inc.*, 1:21-cv-08353-PAE (S.D.N.Y.) (the "<u>Pending Litigation</u>"). We have recently learned that your client, Coinbase, has communicated with the Lead Plaintiffs and the putative Class, seeking to impose new terms of use in the Coinbase User Agreement ("Terms of Use") that would have the purpose and effect of directly altering the parties' rights and remedies in the Pending Litigation. Specifically, the new Terms of Use, which apparently are intended to go into effect on January 31, 2022, purport to apply retroactively and to impose additional fees on the Lead Plaintiffs in the Pending Litigation, as well as other material restrictions and requirements to proceeding in the Pending Litigation. Coinbase has not provided adequate notice to the putative Class of the impact of these proposed changes on the Pending Litigation, and seeks, among other things, to impose fees that violate California law. *See, e.g.*, *Sandoval v. Medway Plastics Corp.*, 2014 WL 7185045, at *5 (Cal. Ct. App. Dec. 17, 2014) (rejecting similar provision as "substantively unconscionable").

  Further, the decision to make direct contact with the Lead Plaintiffs and other members of the putative Class—all of whom we represent in the Pending Litigation—with proposed material changes to the Terms of Use as it applies to the Pending Litigation is improper and a violation of applicable ethical rules, including New York Rule of Professional Conduct 4.2(a). *See, e.g.*, *OConner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593, 602 (S.D.N.Y. 2020) (observing that, "in addition to courts' ability to manage the notice-giving process in a collective action, 'communications with putative class members prior to certification may also implicate ethical rules'") (quoting *Austen v. Catterton Partners V, LP*, 831 F. Supp. 2d 559, 569 (D. Conn. 2011)). We request that your client immediately cease all further communications with the Lead Plaintiffs and other members of the putative Class concerning the Pending Litigation, including but not limited to your seeking, or your directing others to seek, to have members of the putative Class enter into new contracts that would alter their rights and remedies in the Pending Litigation.

  For the avoidance of doubt, on behalf of the Lead Plaintiffs and the putative Class, we object and do not assent to your client's proposed new Terms of Use, as well as any other

amendments to the same or any other contracts that would alter the rights and remedies of the parties in the Pending Litigation. To the extent you wish to propose additional amendments to the Terms of Use that would change the rights and remedies of the parties in the Pending Litigation, such discussions must be had only through counsel, and not by improper and coercive means. Should any members of the putative Class assent to your uncounseled communications, any such contract would be illusory, unconscionable, and unenforceable by Coinbase and should not be interpreted by you or by Coinbase as overriding this objection. *See, e.g.*, *Benavides v. Serenity Spa Ny Inc.*, 2017 U.S. Dist. LEXIS 142137, *17 (S.D.N.Y. Sept. 1, 2017) ("not[ing] a policy concern in permitting [improper communications] to be considered, because it would 'provide an incentive for defendants in this case, and in other cases, to engage in improper and potentially coercive communications with members of a putative class'"); *Gortat v. Capala Bros.*, 2009 U.S. Dist. LEXIS 101837, *14-15 (E.D.N.Y. Oct. 16, 2009) ("Numerous courts have found that contacts with putative class members warranted judicial intervention.") (collecting cases), *report and recommendation substantially adopted by* 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010); *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 253 (S.D.N.Y. 2005) ("Indeed, when a defendant contacts putative class members for the purpose of altering the status of a pending litigation, such communication is improper without judicial authorization.") (citing cases). We further note that any punitive termination of the accounts of Plaintiffs Oberlander, Rodriguez, Underwood, or members of the putative Class based upon their refusal to assent to such Terms would only illustrate the coercive nature of the proposed amendment to the Terms of Use.[1]

We demand that you confirm to us by 6:00 p.m. Eastern time tomorrow that Coinbase will not implement or seek to enforce the proposed new Terms of Use and/or any other amendments to same or other contracts that would alter the rights and remedies of the parties in the Pending Litigation. Absent such confirmation, we reserve the right to seek forthwith intervention and all appropriate remedies and relief from the Court. In addition, in light of the above improper conduct, we demand that Coinbase preserve all records (including communications with counsel) concerning the attempted imposition on the Lead Plaintiffs and members of the putative Class of such new Terms of Use. We reserve all rights.

Sincerely,

| | |
|---|---|
| By: */s/ Steven L. Bloch* | By: */s/ Jordan A. Goldstein* |
| Steven L. Bloch | Jordan A. Goldstein |
| SILVER GOLUB & TEITELL LLP | SELENDY & GAY, PLLC |
| 184 Atlantic Street | 1290 Avenue of the Americas |
| Stamford, CT 06901 | New York, NY 10104 |
| Tel: 203-325-4491 | Tel: 212-390-9000 |
| sbloch@sgtlaw.com | jgoldstein@selendygay.com |

---

[1] Nothing in this letter concedes the enforceability or validity of any previous versions of or changes to the Terms of Use.