# Exhibit F

| | |
|---|---|
| **From:** | Flath, Lara A (NYC) |
| **Sent:** | Friday, January 28, 2022 10:04 AM |
| **To:** | 'Jordan Goldstein'; Kasner, Jay B (NYC); Drylewski, Alexander C (NYC); Sheehan Davis, Abigail (NYC) |
| **Cc:** | Steven Bloch - Silver Golub & Teitell; 'Ian Sloss - Silver Golub & Teitell'; Mitchell Nobel |
| **Subject:** | RE: Underwood et al v. Coinbase Global, Inc., 1:21-cv-08353-PAE (S.D.N.Y.) |

Counsel,

Coinbase will not alter the rollout of ordinary and reasonable updates to its User Agreement in response to your threat of a frivolous, premature motion. There is no potential for irreparable harm to customers here, and we are far from the proper time to litigate the validity of any form of the User Agreement in this matter. You have not even filed your amended complaint. Meanwhile, delaying the updates would impose significant harm on Coinbase.

We offered time for discussion to address your concerns rather than wasting the Court's resources unnecessarily. We offered this even though many of your characterizations of the User Agreement updates are blatantly and factually inaccurate.

If you proceed to waste the Court's time, we reserve our rights to seek costs and sanctions. We also remind you of your obligation to give us notice so that we can provide a mutually agreeable time for a teleconference with the Court.

Finally, we again note your obligation to have already advised your clients about the fee-shifting provisions that exist in the current User Agreement. We assume from your silence that you have not done so.

Regards,
Lara

---

**From:** Jordan Goldstein <jgoldstein@selendygay.com>
**Sent:** Friday, January 28, 2022 9:16 AM
**To:** Flath, Lara A (NYC) <Lara.Flath@skadden.com>; Kasner, Jay B (NYC) <Jay.Kasner@skadden.com>; Drylewski, Alexander C (NYC) <Alexander.Drylewski@skadden.com>; Sheehan Davis, Abigail (NYC) <Abigail.Sheehan@skadden.com>
**Cc:** Steven Bloch - Silver Golub & Teitell <sbloch@sgtlaw.com>; 'Ian Sloss - Silver Golub & Teitell' <ISloss@sgtlaw.com>; Mitchell Nobel <mnobel@selendygay.com>
**Subject:** [Ext] RE: Underwood et al v. Coinbase Global, Inc., 1:21-cv-08353-PAE (S.D.N.Y.)

Counsel,

In our prior e-mail, we requested that Defendant withdraw its proposed changes to the Coinbase User Agreement as it concerns dispute resolution (including but not limited to Appendix 5 of the Proposed User Agreement) until Judge Engelmayer can rule on our motion for a preliminary injunction. Defendant has not agreed to that. Instead, on behalf of Defendant, you have proposed to require all Coinbase users to agree to the proposed changes to the User Agreement (without receiving the benefit of counsel to explain what such terms mean or to recommend against their assenting to it), but have stated that Defendant will "not enforce any new dispute resolution provisions" (which you do not concede even exist) for the next seven days. That is wholly insufficient and threatens to irreparably prejudice Plaintiffs for numerous reasons, including the following.

*First*, once Plaintiffs "click" on the Proposed User Agreement, we presume Defendant will argue they are immediately bound by it, including as to provisions concerning the arbitrator's scope of authority. Making the agreement "not enforce[able]" for seven days does not remove that fundamental revision to the parties' rights and remedies. Regardless of whether Defendant agrees not to enforce the new provisions for seven days, once Plaintiffs have assented to them, we expect Defendant will argue that the parties' rights and remedies have changed. *Second*, Plaintiffs who agree to the Proposed User Agreement next week will not know what they are assenting to. Instead, they will face the Hobson's choice of entering into an agreement that might, or might not, eventually become effective or receiving access to their trading account and funds. Conditioning Plaintiffs' access to their trading accounts on agreeing to an improper agreement is unconscionable. *Finally*, there will be an immediate prejudice on Monday to the Lead Plaintiffs and members of the proposed Class, who will not know whether, by agreeing to these new terms, they are now exposed to additional financial liability in the event Coinbase successfully moves to compel arbitration.

For the above reasons, and in order to avoid burdening the Court with unnecessary motion practice, we again request that Coinbase agree to withdraw its proposed changes to the User Agreement as it concerns dispute resolution (including but not limited to Appendix 5) and not require any of its users to click or otherwise assent to such terms prior to Judge Engelmayer ruling on our motion for a preliminary injunction. In light of the timing of the Proposed User Agreement being offered to Plaintiffs—which is scheduled to occur this Monday—and the need to be heard in Court before then, we request a response from you by 10 a.m. Eastern time today. If you are not willing to agree to the limited relief I have identified in the prior sentence, then we are at impasse and will move for a temporary restraining order.

Regards,

Jordan

**Jordan Goldstein**
Partner and General Counsel

**Selendy & Gay PLLC**
1290 Avenue of the Americas, New York, NY 10104
**T** 212 390 9008  **M** 917 478 2374

jgoldstein@selendygay.com   www.selendygay.com

---

**From:** Flath, Lara A <Lara.Flath@skadden.com>
**Sent:** Friday, January 28, 2022 7:48 AM
**To:** Jordan Goldstein <jgoldstein@selendygay.com>; Kasner, Jay B <Jay.Kasner@skadden.com>; Drylewski, Alexander C <Alexander.Drylewski@skadden.com>; Sheehan Davis, Abigail <Abigail.Sheehan@skadden.com>
**Cc:** Steven Bloch - Silver Golub & Teitell <sbloch@sgtlaw.com>; 'Ian Sloss - Silver Golub & Teitell' <ISloss@sgtlaw.com>; Mitchell Nobel <mnobel@selendygay.com>
**Subject:** RE: Underwood et al v. Coinbase Global, Inc., 1:21-cv-08353-PAE (S.D.N.Y.)

Counsel,

There is no emergency here that requires unnecessarily burdening the Court. What you are requesting would be an extraordinary disruption of routine customer communications. It is also an end-run around the agreed upon and court-ordered schedule. We are of course willing to discuss reasonable stipulations with respect to the new User Agreement and this Action. We can agree to not enforce any new dispute resolution provisions (to the extent there are new provisions) in the January 31, 2022 User Agreement as applied to this Action for the next 7 days so we have time to discuss what an agreeable stipulation might be. Please let us know when you are available for a call on Monday to begin those discussions.

In the meantime, we also want to make sure you have notified your clients of the existing fee-shifting provisions in our User Agreement including if Coinbase successfully moves to compel arbitration. We believe it is your obligation to have already done so.

Coinbase reserves all rights, including our right to seek costs for any unwarranted motion practice.

If you decide to move forward with this ill-advised motion, per Judge Engelmayer's March 19, 2020 Rules with respect to TROs, we are available for a telephone conference with the Court after 3 PM today, Monday afternoon, or Tuesday before 3 PM.

Please let us know,
Lara

---

**From:** Jordan Goldstein <jgoldstein@selendygay.com>
**Sent:** Thursday, January 27, 2022 8:54 PM
**To:** Kasner, Jay B (NYC) <Jay.Kasner@skadden.com>; Flath, Lara A (NYC) <Lara.Flath@skadden.com>; Drylewski, Alexander C (NYC) <Alexander.Drylewski@skadden.com>; Sheehan Davis, Abigail (NYC) <Abigail.Sheehan@skadden.com>
**Cc:** Steven Bloch - Silver Golub & Teitell <sbloch@sgtlaw.com>; 'Ian Sloss - Silver Golub & Teitell' <ISloss@sgtlaw.com>; Mitchell Nobel <mnobel@selendygay.com>
**Subject:** [Ext] Underwood et al v. Coinbase Global, Inc., 1:21-cv-08353-PAE (S.D.N.Y.)

Counsel:

We write on behalf of Plaintiffs Louis Oberlander, Henry Rodriguez, Christopher Underwood, and the putative Class in the above-referenced matter (the "Action"). As reflected in our letter from yesterday, Coinbase's attempts to impose procedurally and substantively unconscionable terms on the Lead Plaintiffs and members of the putative Class, including by interfering with the pending Action through conduct that violates New York Rule of Professional Conduct 4.2, is improper and threatens irreparable harm to Lead Plaintiffs and the putative Class. Accordingly, Plaintiffs will move for a preliminary injunction (i) prohibiting Coinbase from enforcing the proposed User Agreement dated January 25, 2022 (with an effective date of January 31, 2022) (the "Proposed User Agreement") with respect to its new dispute resolution provisions (including but not limited to Appendix 5) to the extent it would apply to the Action; (ii) prohibiting Coinbase from proposing further changes to the User Agreement to Plaintiffs and members of the putative Class, to the extent such changes would apply to the Action, without proceeding through Co-Lead Counsel; and (iii) prohibiting Coinbase from seeking to enforce the fee and cost shifting provisions in Paragraph 1.7 of Appendix 5 of the Proposed User Agreement, in the event it prevails on any motion to compel arbitration.

Further, because the Proposed User Agreement is scheduled to take effect on Monday, January 31, 2022, we request that you inform us by **8:00 a.m.** Eastern time tomorrow whether Coinbase will agree to withdraw its proposed changes to the User Agreement as it concerns dispute resolution (including but not limited to Appendix 5 of the Proposed User Agreement) until Judge Engelmayer can rule on our motion for a preliminary injunction. In the event you do not so consent, we intend to move the Court for a temporary restraining order at **9:00 a.m.** Eastern time tomorrow that would enjoin Coinbase from seeking to modify the User Agreement's provisions concerning dispute resolution, until such time as Judge Engelmayer can rule on our motion for a preliminary injunction.

Regards,

Jordan

**Jordan Goldstein**
Partner and General Counsel
───────────────────────────────

**Selendy & Gay PLLC**
1290 Avenue of the Americas, New York, NY 10104
**T** 212 390 9008 **M** 917 478 2374
───────────────────────────────

jgoldstein@selendygay.com www.selendygay.com

-----------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================