SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
_____

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3717
DIRECT FAX
(917) 777-3717
EMAIL ADDRESS
LARA.FLATH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
_____
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
_____
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

November 27, 2024

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, New York 10007

                RE:    *Underwood, et al. v. Coinbase Global, Inc., et al.*,
                        1:21-cv-08353-PAE

Dear Judge Engelmayer:

      On behalf of Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong, we write to advise the Court of the Second Circuit's recent decision on impermissible group pleading. In *S.G. v. Bank of China U.S.A.*, the Second Circuit affirmed the dismissal with prejudice of a complaint that "referr[ed] collectively to" a bank and three of its subsidiaries "without specifying which entity carried out what conduct." No. 24-1426, 2024 WL 4891390, at *1 (2d Cir. Nov. 26, 2024) (summary order). The complaint also failed to "allege a basis to disregard these entities' corporate separateness." *Id.* The Second Circuit held unequivocally that "[c]ollective allegations of this sort do not satisfy Rule 8's pleading requirements." *Id.*

      *Bank of China* reinforces long-standing Second Circuit precedent rejecting group pleading in circumstances like those presented by the Amended Complaint. (ECF 83 at 17-19; ECF 89 at 9.) As in *Bank of China*, the Amended Complaint

Hon. Paul A. Engelmayer
November 27, 2024
Page 2

improperly conflates Coinbase Global, Inc. and Coinbase, Inc., lumping them together under the term "Coinbase." Moreover, cursory and conclusory assertions that the two companies "are operated as one corporation" and that "Coinbase refers to the two entities jointly as the 'Company' in its SEC filings" (AC ¶11) are precisely the sort of bare allegations that Judge Kaplan and the Second Circuit rejected. *See S.G. v. Bank of China Ltd.*, No. 23-CV-2866 (LAK), 2024 WL 1861158, at *2 (S.D.N.Y. Apr. 29, 2024) ("[T]he fact that . . . separate legal entities may have a corporate affiliation . . . does not alter this pleading requirement." (ellipses provided)); *id.* at *2 n.18 ("Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are 'sometimes collectively referred to' by a shared generic name.").

      As in *Bank of China*, the Amended Complaint should be dismissed for failing to "*give each defendant* 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Id.* at *2 (emphasis in original).

      Respectfully,

      */s/ Lara A. Flath*

      Lara A. Flath

cc:    All counsel of record (via ECF)