ETHAN+BINDER

+ Via ECF and Email +

March 5, 2025

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square New York, NY 10007

        Re:    *Aceves et al. v. Coinbase Global, Inc., et al.*, No. 1:25-cv-01486-JPC;
                *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-08353-PAE

Dear Judges Cronan and Engelmayer,

      I write on behalf of Plaintiffs Gerardo Aceves, Thomas Fan, Edwin Martinez, Tiffany Smoot, Edouard Cordi, Brett Maggard, Mollijoy Carter, Bradley Barnes, and Antonett Foy ("Plaintiffs") in response to the letter by Defendants Coinbase Global, Inc., Coinbase Inc., and Brian Armstrong ("Defendants") requesting that the above-referenced actions be designated as related (ECF No. 40). As conceded by the Defendants' letter, on February 24, 2025, Judge Engelmayer declined relatedness. Defendants offer no compelling reason to revisit that decision, and Plaintiffs respectfully submit that the two actions should proceed separately.

      While there is some similarity between the *Aceves* and *Underwood* actions, any cursory reading of the operative complaints demonstrates that there are significant differences between the two actions such that they should proceed separately. Indeed, the tokens at issue (of which the *Aceves* action includes more than double the securities as the *Underwood* Action), the litigated legal regimes (federal securities regime or the California and Florida state law regimes), the time period covered (October 8, 2019 through March 11, 2022 or January 1, 2017 through the present), the named plaintiffs (entirely different), and the putative Classes (distinct with different claims as seen from the above differences) all differ in significant ways between the *Aceves* action and the *Underwood* action.

      The state law claims in the *Underwood* action have not been litigated on their merits or substantively, only the federal claims have. The state claims in *Underwood* were dismissed "based on a decision not to exercise supplemental jurisdiction." *Underwood v. Coinbase Glob., Inc.*, 654 F. Supp. 3d 224, 244 (S.D.N.Y. 2023), *aff'd in part, rev'd in part and remanded sub nom. Oberlander v. Coinbase Glob. Inc.*, No. 23-184-CV, 2024 WL 1478773 (2d Cir. Apr. 5, 2024). But the state law

Honorable John P. Cronan
Honorable Paul A. Engelmayer
March 5, 2025
Page 2

claims in the *Underwood* action are not the same as the claims brought in the *Aceves* action. Indeed, the operative *Underwood* complaint does not assert claims for violations of the California Unfair Competition Law CAL. BUS. & PROF. CODE §17200, while the *Aceves* action does. The *Aceves* action likewise asserts claims under Florida law that are not brought in the *Underwood* action, for violations of: (i) FLA. STAT. §517.301 (negligence in connection with the purchase and sale of an investment); (ii) the Florida's Civil Remedies for Criminal Practices Act, FLA. STAT. §772 (Florida RICO); and (iii) Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), FLA. STAT. ANN. §501.211(1).

Because Plaintiffs' claims are distinct from the *Underwood* action's claims, there is no undue prejudice to Defendants or risk of inconsistent judgments as the cases are so dissimilar. To the extent there could be overlap, our judicial system can handle claim and issue preclusion concerns. As a result, Plaintiffs respectfully submit that the *Aceves* action should proceed separately. Although Plaintiffs believe that the cases should proceed separately, Plaintiffs agree with Defendants that the parties can propose an efficient way to prosecute these actions, including by coordinating discovery if necessary.

                                                Sincerely,
                                                SCOTT+SCOTT ATTORNEYS AT LAW LLP

                                                  /s/ Ethan S. Binder
                                                  Ethan S. Binder, Esq.

Cc: Counsel for all parties (*via* ECF)

---

For the reasons stated on the record at yesterday's initial pretrial conference in *Underwood*, it is the Court's firm judgment that *Underwood* and *Aceves* are not related cases and shall proceed separately. The Court, however, encourages the parties to explore means of efficiently litigating these cases, to the extent that common issues may arise (*e.g.*, as to overlapping discovery).

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 6, 2025
       New York, New York