UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER UNDERWOOD, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>COINBASE GLOBAL, INC., *et al.*,<br><br>      Defendants. | Case No. 1:21-cv-08353 (PAE) |

  This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

  1. All parties <u>do not consent</u> to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

  2. As reflected in the Amended Complaint, Plaintiffs demand a jury trial for all issues so triable. Defendants reserve all rights in this respect, including to move to strike the jury demand at the appropriate time.

  3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within <u>30 days</u> from the date of this Order, absent good cause shown.

  4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than <u>March 24, 2025</u>.

  5. All fact discovery regarding issues relevant to whether Defendants acted as "statutory sellers" for purposes of Section 12(a)(1) of the Securities Act of 1933 and analogous Blue Sky laws shall be completed no later than <u>October 3, 2025</u>.

  6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim

deadlines for fact discovery regarding issues relevant to whether Defendants acted as statutory sellers may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in paragraph 5 above.

    a. Initial requests for production of documents to be served no later than <u>March 24, 2025</u>.

    b. The parties will work in good faith to serve their requests for production by <u>May 2, 2025</u> and to make document productions on a rolling basis. All productions of nonprivileged documents responsive to requests for production that have been served by <u>May 2, 2025</u> are to be substantially completed by <u>July 24, 2025</u> with corresponding privilege logs to be served by <u>August 7, 2025</u>. To the extent either party serves additional limited requests for production of documents after <u>May 2, 2025</u>, the parties will meet and confer on completion dates for (i) the production of documents in response to any such additional document requests and (ii) service of associated privilege logs.

    c. All interrogatories to be served by <u>August 4, 2025</u>.

    d. All fact depositions to be completed by <u>September 30, 2025</u>.

    e. All requests to admit to be served by <u>August 4, 2025</u>.

7. Expert Discovery

    a. All non-rebuttal expert reports regarding issues relevant to whether Defendants acted as statutory sellers to be served by <u>October 27, 2025</u>.

    b. All rebuttal expert reports regarding issues relevant to whether Defendants acted as statutory sellers to be served by <u>November 21, 2025</u>.

    c. All depositions of experts whose opinions were disclosed regarding issues relevant to whether Defendants acted as statutory sellers to be completed by <u>December 18, 2025</u>.

    d. All expert discovery regarding issues relevant to whether Defendants acted as statutory sellers to be completed no later than <u>December 18, 2025</u>.

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is

made in writing within fourteen (14) days of the date in paragraph 7(d), *i.e.*, the close of all discovery regarding issues relevant to whether Defendants acted as statutory sellers.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery on issues relevant to whether Defendants acted as statutory sellers.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: <u>The parties agree that any discussion of settlement prior to any summary judgment motion(s) directed to the statutory seller issue would be premature.</u>

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: <u>The parties agree that any discussion of settlement prior to any summary judgment motion(s) directed to the statutory seller issue would be premature.</u>

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): <u>The parties agree that any discussion of settlement prior to any summary judgment motion(s) directed to the statutory seller issue would be premature.</u>

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. [INTENTIONALLY OMITTED]

12. The parties will confer on their respective estimates of the length of trial after the completion of all discovery in this action (*i.e.*, including discovery as to non-statutory seller issues) and will provide their estimate(s) to the Court.

13. Other items, including those in Rule 26(f)(3).

      a.    The parties shall submit any pre-motion letter(s) in support of a motion for summary judgment, pursuant to Rule 3.H of the Court's Individual Rules and Practices, on <u>January 6, 2026</u>.

      b.    Responses to any pre-motion letter(s) filed on January 6, 2026, shall be filed no later than <u>January 13, 2026</u>.

**TO BE COMPLETED BY THE COURT**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.    [Other]

15.    The next Case Management Conference is scheduled for _____ at _____.

Unless otherwise indicated, the Case Management Conference will be held **telephonically**. The parties should call into the Court's dedicated conference line at **(888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key**. Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers. All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

4

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_____
Paul A. Engelmayer
United States District Judge

Dated: New York, New York

_____

Respectfully submitted this 7th day of March, 2025.

| | |
|---|---|
| */s/ Jordan A. Goldstein* | */s/ Lara A. Flath* |
| Jordan A. Goldstein | Jay B. Kasner |
| Oscar Shine | Lara A. Flath |
| SELENDY GAY PLLC | Alexander C. Drylewski |
| 1290 Sixth Avenue, 17th Floor | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| New York, NY 10104 | One Manhattan West |
| jgoldstein@selendygay.com | New York, NY 10001 |
| oshine@selendygay.com | Telephone: (212) 735-3000 |
| | jay.kasner@skadden.com |
| Steven L. Bloch | lara.flath@skadden.com |
| Ian W. Sloss | alexander.drylewski@skadden.com |
| SILVER GOLUB & TEITELL LLP | |
| 1 Landmark Square – 15th Floor | *Attorneys for Defendants Coinbase Global,* |
| Stamford, CT 06901 | *Inc., Coinbase, Inc., and Brian Armstrong* |
| sbloch@sgtlaw.com | |
| isloss@sgtlaw.com | |
| | |
| *Attorneys for Plaintiffs and the Proposed Class* | |