UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER UNDERWOOD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COINBASE GLOBAL, INC., *et al.*, <br><br> Defendants. | Case No. 1:21-cv-08353 (PAE) |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not, in and of itself, create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third parties to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate (the "Designating Party") as Confidential only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    a. previously nondisclosed (or disclosed pursuant to a protective order) financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously nondisclosed (or disclosed pursuant to a protective order) information relating to ownership or control of any non-public company;

    c. previously nondisclosed (or disclosed pursuant to a protective order) sensitive or proprietary commercial information or communications relating to any party's business including, but not limited to, tax data; internal audit practices, procedures and outcomes; business plans, trading, business and investment strategies; marketing materials; business studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; confidential project-related information; product design or development; technical or scientific research; internal pricing, sales, and cost information; and/or any other Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

    d.    information as to which applicable law—foreign or domestic—requires the equivalent of "Confidential" treatment as set forth in this Protective Order, examples of which potentially include, but are not limited to, laws implementing Regulation (EU) 2016/679, the General Data Protection Regulation (including but not limited to the Data Protection Act 2018 (c. 12) (United Kingdom personal information)), the Personal Data Protection Act 2012 of the Laws of Singapore, the Personal Information Protection Act 2016 (PIPA) of the Laws of Bermuda, the Data Protection Act 2023 (Act 24 of 2023) of the Laws of Seychelles and the Personal Data (Privacy) Ordinance, Cap. 486 of the Laws of Hong Kong (PDPO); or Case 1:20-cv-03232-ALC-SDA Document 174 Filed 06/11/24 Page 2 of 13; or

    e.    any other category of information hereinafter given confidential status by the Court.

3. A Designating Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" extremely sensitive "Confidential Discovery Material," disclosure of which to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as source code.

4. With respect to the portion of any Discovery Material other than deposition transcripts and exhibits that constitutes Confidential Discovery Material, the Designating Party may designate such portion as Confidential Discovery Material by stamping or otherwise clearly marking the designated portion in a manner that will not interfere with legibility or audibility. In the event the receiving person makes a specific request for purposes of making a public court filing, the Designating Party must also produce for public use another copy of said Discovery Material with the Confidential Discovery Material portion redacted.

5. With respect to deposition transcripts and exhibits, a Designating Party may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Designating Party or witness's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript and exhibits referenced during the deposition will be treated as if it had been designated Confidential.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it previously had produced was not properly designated (including without limitation being subject to a less restrictive designation), she, he or it may correct the designation by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be treated pursuant to the replacement designation. In addition, the producing person shall provide all Parties with replacement versions of such Discovery Material that bear the replacement designation within ten (10) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except as is reasonably necessary for this litigation to:

    a. the Parties to this action, including individual named plaintiffs or defendants; directors, officers, employees, or trustees of Parties; and the Parties' insurers and counsel to the Parties' insurers;

    b. the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter; and subject to paragraph 10, such outside counsel's auditors, lenders, and insurers, provided, however, that any individual or firm that competes with Defendants Coinbase Global Inc. or Coinbase Inc. in any business involving crypto-assets or crypto-derivatives shall not be an "auditor," "lender," or "insurer" for purposes of this Protective Order;

    c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, mock jurors, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    d. subject to paragraph 10 below, any mediator or arbitrator who the Parties engage in this matter or that this Court appoints;

    e. subject to paragraph 10 below, any witness who counsel for a Party in good faith believes may testify at trial, hearing or deposition in this action, and his or her counsel;

    f. subject to paragraph 10 below, any person retained by a Party to serve as an expert witness, consultant, or to otherwise provide specialized advice or knowledge to counsel in connection with this action;

4

    g.    subject to paragraph 10 below, stenographers and videographers engaged to transcribe and/or record depositions conducted in this action;

    h.    the Court, including any appellate court, and the court reporters and support personnel for the same; and

    i.    subject to paragraph 10 below, any other person whom the producing person, or other person designating the Confidential Discovery Material, agrees in writing may have access to such Discovery Material or to whom the Court orders disclosure.

8.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    a.    the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter;

    b.    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, mock jurors, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    c.    subject to paragraph 10 below, any mediator or arbitrator who the Parties engage in this matter or that this Court appoints;

    d.    subject to paragraph 10 below, any witness who counsel for a Party in good faith believes may testify at trial, hearing or deposition in this action, and his or her counsel;

    e.    subject to paragraph 10 below, any person retained by a Party to serve as an expert witness, consultant, or to otherwise provide specialized advice or knowledge to counsel in connection with this action;

    f.    subject to paragraph 10 below, stenographers and videographers engaged to transcribe and/or record depositions conducted in this action;

    g.    the Court, including any appellate court, and the court reporters and support personnel for the same; and

    h.    subject to paragraph 10 below, any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment;

        i.      subject to paragraph 10 below, any other person whom the producing person, or other person designating the Confidential Discovery Material, agrees in writing may have access to such Discovery Material or to whom the Court orders disclosure.

9. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Confidential Discovery Material if such disclosure is not otherwise permitted under this Protective Order.

10. Except as provided in paragraph 11 below, prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7.b, 7.d, 7.e, 7.f, 7.g, 7.i, 8.a, 8.c, 8.d, 8.e, 8.f, 8.h, and 8.iabove, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

11. Notwithstanding any other provision of this Protective Order, the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter, may receive Confidential Discovery Material without having executed a Non-Disclosure Agreement.

12. Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, and all communications with experts, shall not be discoverable. Reports and materials exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

13. Any Party who objects to any designation of confidentiality may at any time prior to a hearing or the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court in accordance with its individual practices.

14. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within thirty (30) days of that notice, the receiving Party shall produce the information

responsive to the discovery request but may affix the appropriate controlling designation.

15. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution or the defense of the above-captioned action (including use in any amended pleadings; appeals; and collateral proceedings such as, by way of examples and not limitations, a related mandamus action or an action regarding a third-party subpoena served in connection with this action). Specifically (by way of examples and not limitations), recipients of Confidential Discovery Material under this Protective Order may not use Confidential Discovery Material for any business, commercial or competitive purpose or in any other legal action, proceeding, or investigation, subject to the preceding sentence. However, notwithstanding any provision of this Protective Order to the contrary, auditors, lenders, and insurers who receive Confidential Discovery Material under paragraph 7.b may use such material to assess the value and risks associated with the above-captioned action in the course of providing auditing, lending, or insurance services to the Parties' outside counsel (but for no other business purpose). Nothing contained in this Protective Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

16. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated by another party or third party in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Discovery Material may be affected; provided, however, that the Party receiving such subpoena or court order shall not be required to expend any material amount of resources in order to maintain the confidentiality of such Confidential Discovery Material.

    If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Confidential Discovery Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained

the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Confidential Discovery Material in the other court, and nothing in this Protective Order should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

17. All persons seeking to file redacted documents or documents under seal with the Court shall follow all applicable rules, including Federal Rule of Civil Procedure 5.2, the E-Government Act of 2002, the Southern District of New York's ECF Privacy Policy, and the Court's individual practices.

18. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

19. In the event a non-party has produced information in response to a subpoena or request, any Party receiving such information from the non-party shall ensure that all other Parties receive copies of the non-party's production within five (5) business days of the receiving Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such information from the non-party shall notify all other parties of its receipt of such production within three (3) business days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

20. A non-party from whom the Parties seek discovery may designate Discovery Material it produces to a Party to this action as Confidential consistent with the terms of this Protective Order. In such circumstances, Discovery Material designated as Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a Party, and all duties applicable to a Party under this Protective Order shall apply to a non-party designating Discovery Material as Confidential. All obligations applicable under this Protective Order to parties receiving Discovery Material shall apply to any Party receiving Discovery Material from such non-party. Any Party who serves a subpoena on a non-party shall provide such non-party with a copy of this Protective Order.

21. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Protective Order, that Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

22. Pursuant to Fed. R. Evid. 502(d) and analogous state rules of evidence, the production of a privileged or work-product-protected document, inadvertent or otherwise ("Protected Discovery Material"), shall not constitute a waiver of privilege or protection from discovery in this action or in any other federal or state proceeding.

    a. Any Party who has received a notification of disclosure of Protected Discovery Material from a producing party shall promptly undertake commercially reasonable efforts to return to the producing party and destroy all summaries or copies of such Protected Discovery Material, shall provide notice in writing that the receiving party has undertaken reasonable efforts to return and destroy such Protected Discovery Material, and shall not use such Protected Discovery Material for any purpose until further order of the Court; provided, however, that a Party may move to compel production of any such Protected Discovery Material.

23. Any personally identifying information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, such person immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

24. This Protective Order shall survive through the pendency and termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material and all copies thereof, shall be promptly returned to the producing person or destroyed; provided, however, that counsel for a receiving Party may retain copies of correspondence, documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition, hearing, and trial exhibits containing such Protected Information; and further provided that any receiving person may retain Discovery Material that such person is required to retain to comply with litigation holds, applicable law or regulation, or such person's reasonable internal compliance policies, or that has in the ordinary course of operations been retained in backup or disaster recovery systems. Before a receiving person submits any Discovery Material to a closed Generative AI or substantially similar tool, the receiving person shall make reasonably sure that it can delete from the tool at the close of the action all Discovery Material that is required to be returned or destroyed under the preceding sentence. The receiving person will be responsible for destroying such produced information from such tools at the end of the action.

25. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This

Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. Nothing herein shall preclude any Party from seeking modification of this Protective Order or additional protection for particular documents for good cause shown.

27. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

SO STIPULATED AND AGREED:

 *s/ Jordan A. Goldstein*  
Jordan A. Goldstein  
Corey Stoughton  
SELENDY GAY PLLC  
1290 Sixth Avenue, 17th Floor  
New York, NY 10104  
Telephone: (212) 390-9000  
jgoldstein@selendygay.com  
cstoughton@selendygay.com  

Steven L. Bloch  
Ian W. Sloss  
SILVER GOLUB & TEITELL LLP  
1 Landmark Square – 15th Floor  
Stamford, CT 06901  
Telephone: (203) 325-4491  
sbloch@sgtlaw.com  
isloss@sgtlaw.com  

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Lara A. Flath* (with consent)  
Jay B. Kasner  
Lara A. Flath  
Alexander C. Drylewski  
SKADDEN, ARPS, SLATE,  
MEAGHER & FLOM LLP  
One Manhattan West  
New York, NY 10001  
Telephone: (212) 735-3000  
jay.kasner@skadden.com  
lara.flath@skadden.com  
alexander.drylewski@skadden.com  

*Attorneys for Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong*

SO ORDERED:

_____  
Hon. Paul A. Engelmayer  
United States District Judge

Dated: April 24, 2025