# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL

(212) 735-3717

DIRECT FAX

(917) 777-3717

EMAIL ADDRESS

LARA.FLATH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

June 17, 2025

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, New York 10007

> RE:     *Underwood, et al. v. Coinbase Global, Inc.*,
>            1:21-cv-08353-PAE

Dear Judge Engelmayer:

On behalf of Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong, we write to respectfully seek leave to file an Amended Answer in the above-captioned case. Pursuant to this action's Civil Case Management Plan and Scheduling Order, amended pleadings may be filed more than 30 days after the entry of the Order (April 7, 2025) if good cause is shown. (ECF No. 105 at 1.) As discussed herein, there is good cause for this amendment. Plaintiffs do not oppose this request. A redline showing the changes Defendants seek to make is attached hereto for the Court's reference.

The proposed amendment clarifies two of Defendants' affirmative defenses to ensure, for the avoidance of doubt, that Plaintiffs have notice of the defenses that Defendants may rely upon. Given that this case is still in the early stages of discovery, there is no prejudice to Plaintiffs. *See Massachusetts Bay Ins. Co. v.*

Hon. Paul A. Engelmayer
June 17, 2025
Page 2


*Seneca Ins. Co., Inc.*, 697 F. Supp. 3d 196, 201 (S.D.N.Y. 2023) (applying the "'good cause' standard of diligence . . . with considerations of futility, bad faith, and prejudice" in holding that defendant showed good cause to amend answer).

Indeed, courts have permitted defendants seeking to raise affirmative defenses for the first time at much later stages of litigation. *See Reives v. Lumpkin*, 632 F. App'x 34, 35 (2d Cir. 2016) (noting that "[a] district court may nevertheless entertain unpled affirmative defenses in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings" where defendant raised a new defense in his pretrial memorandum); *Gilmore v. Gilmore*, 503 F. App'x 97 (2d Cir. 2012) (a district court may allow a party to assert an affirmative defense in a joint pretrial order and not in the answer because the plaintiff had "both notice and an opportunity to be heard"); *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (same at summary judgment).

In addition to raising the amendment with Plaintiffs' counsel on a meet and confer, Defendants shared the attached redline with Plaintiffs' counsel, who responded that they do not oppose this filing. We thank the Court for its time and attention to this matter.


Respectfully,

*/s/ Lara A. Flath*

Lara A. Flath


cc:     All counsel of record (via ECF)