Selendy|Gay 

September 30, 2025

<u>Via ECF</u>

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:   *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-8353 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

Pursuant to Rule 2.C of this Court's Individual Rules and Practices and Local Civil Rule 37.2, Plaintiffs respectfully submit this letter to raise a discovery dispute.

**Background.** On August 29, 2025, Plaintiffs timely noticed a Rule 30(b)(6) deposition of Defendants Coinbase Global, Inc., and Coinbase, Inc. *See* <u>Ex. A</u>. Defendants served their objections and responses on September 5 and, as to Topic 10, agreed "to designate a corporate representative to provide testimony about Coinbase, Inc.'s general policies and practices from October 8, 2019 to September 30, 2024, relating to 'airdrops' or 'rewards' of Tokens." <u>Ex. B</u>.

At Defendants' request, multiple representatives for Coinbase, Inc. testified over several days in response to Plaintiffs' Rule 30(b)(6) notice. As to Topic 10, Coinbase designated its Senior Director of Communications, Jaclyn Sales, as its Rule 30(b)(6) witness. This deposition was held on September 19, 2025, and Ms. Sales brought to the deposition a document prepared by counsel for Defendants that confirmed the scope of testimony both parties had agreed she would provide, which was marked as an exhibit to her deposition transcript, and which is attached to this letter as <u>Exhibit C</u>. Prior to starting the deposition, the parties agreed that Ms. Sales' deposition could last up to seven hours on the record, of which Plaintiffs used three hours and twelve minutes.

However, despite Defendants' express agreement to prepare Ms. Sales to give corporate testimony concerning Coinbase, Inc.'s "general policies and practices … relating to … 'rewards' of Tokens," *id.*, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

After taking Ms. Sales' deposition on September 19, counsel for Plaintiffs requested, via email sent that same day, that Defendants prepare Ms. Sales or another

designee to provide corporate testimony for Coinbase Inc. about staking rewards, governance rewards, or other rewards offered through the Coinbase platform (other than "Coinbase Earn rewards" or sweepstakes offerings, about which Ms. Sales had testified). Following a telephonic meet-and-confer on Tuesday, September 23, 2025 (which was the earliest date counsel for Defendants said they were available), counsel for Defendants said they would consider Plaintiffs' request for further deposition testimony on this topic but would not provide an answer at that time. Plaintiffs reiterated that given the imminent October 3 deadline for the close of fact discovery, *see* ECF No. 105 ¶ 5, they would need a prompt response. When Defendants still had not responded by the afternoon of Friday, September 26, 2025, Plaintiffs followed up via email to request an update on this issue. On Monday, September 29, the parties met and conferred but Defendants did not offer any update on the instant dispute. On September 30, Plaintiffs again requested Defendants' position, and via email, Defendants informed Plaintiffs that they would not re-produce Ms. Sales or another witness to testify further on this topic.

**Argument.** "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "Producing an unprepared witness is tantamount to a failure to appear." *In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, 2021 WL 6064793, at *2 (S.D.N.Y. Dec. 22, 2021) (quoting *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007)). Appropriate remedies include compelling the corporation to "produce a new Rule 30(b)(6) witness fully and properly prepared to answer questions" relating to topics for which the original designee was unprepared to testify. *Id.* at *4.

Here, it is beyond dispute that Ms. Sales was unprepared to provide testimony on behalf of Coinbase Inc. within the scope of Topic 10. The scope of Topic 10 was agreed to by the parties, and its plain terms cover Coinbase, Inc.'s "policies and practices … relating to … 'rewards' of Tokens." Exs. B & C. Defendants cannot deny that "staking rewards" and "governance rewards" are "rewards," ███████████████████████████████████████████████████████████████ No reasonable reading of Topic 10, as specifically agreed to by the parties, permitted Defendants to refuse to produce a corporate designee who is knowledgeable about those programs.

Defendants have advanced three arguments in an attempt to justify their failure to adequately prepare Ms. Sales and avoid producing an adequately prepared witness. None holds water. *First*, Defendants have contended that rewards programs other than those offered through the "Coinbase Earn" or sweepstakes offerings are beyond the scope of "rewards" covered by Topic 10. As discussed above, however, the plain text of the parties' agreement defeats Defendants' argument. *Second*, Defendants have argued that the rewards programs at issue are beyond the scope of the Amended Complaint. But the Amended Complaint expressly alleges that Defendants solicited sales of tokens at issue by offering "participation rewards." ECF No. 43 ¶ 157; *see also id.* ¶ 215 (alleging that Defendants represented that "AXS holders can claim rewards for staking their tokens"); *id.* ¶ 374 (similar). In any event, Plaintiffs' operative claims concern Defendants' offers and sales of

2

unregistered securities, by whatever means. This Court has already rejected Defendants' effort to artificially bind Plaintiffs to one theory of *how* Defendants effectuated their unlawful sales. *See* ECF No. 94, at 13; *see also Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 283 n.6 (S.D.N.Y. 2024) (Engelmayer, J.) ("A cause of action that is based on one set of facts but that contains multiple, alternative legal theories supporting relief is still just one 'claim.'"). *Third*, Defendants have argued that Plaintiffs' request to re-open Ms. Sales' deposition was untimely. As the facts above demonstrate, however, Plaintiffs promptly, affirmatively, and repeatedly raised this issue, beginning mere hours after Ms. Sales's deposition finished on September 19, through the September 23 meet-and-confer, and including Plaintiffs' follow-up correspondence on September 26 and September 30. That *Defendants* dragged their heels in providing a response does not transform Plaintiffs' diligence into a waiver or forfeiture of rights.

For the above reasons, Plaintiffs respectfully request that the Court compel Defendants to produce a Rule 30(b)(6) witness fully and properly prepared to answer questions on behalf of Coinbase, Inc. about "staking rewards," "governance rewards," and any other rewards programs other than those already covered during the September 19 deposition of Ms. Sales. Plaintiffs intend to complete their additional questioning of Coinbase's designee within less than two hours on the record for any further examination, which, combined with the three hours and twelve minutes already spent on the record with Ms. Sales, would still result in materially less than the seven hours allocated to Ms. Sales' deposition.

Finally, in the event that this deposition cannot be completed before the October 3 deadline for completion of fact discovery, Plaintiffs respectfully submit that they have shown good cause to extend the October 3 deadline for the completion of fact discovery for the limited purpose of completing up to two additional hours of testimony on Topic 10. As the record clearly shows, Plaintiffs acted promptly and in good faith to raise this dispute to Defendants mere hours after Ms. Sales' September 19 deposition, and Plaintiffs promptly sought to meet and confer with Defendants on this topic. Thereafter, Plaintiffs afforded Defendants over a week's time to determine whether they would produce Ms. Sales or another witness on Topic 10, and Defendants' refusal to do so occurred today (and only after further prompting from Plaintiffs for a response). Accordingly, any delay in Plaintiffs' raising this issue to the Court has been entirely a function of Defendants' failure to provide a prompt response as to whether they would re-produce Ms. Sales or another witness, as well as Plaintiffs' efforts to diligently comply with this Court's rules concerning meeting and conferring and reaching impasse before raising a discovery issue to the Court.

Hon. Paul A. Engelmayer
September 30, 2025

Respectfully submitted,

| SELENDY GAY PLLC | SILVER GOLUB & TEITELL LLP |
|---|---|
| */s/ Jordan A. Goldstein* | */s/ Steven L. Bloch* |
| Jordan A. Goldstein | Steven L. Bloch |
| 1290 Avenue of the Americas, 20th Floor | 1 Landmark Square, 15th Floor |
| New York, NY 10104 | Stamford, CT 06901 |
| (212) 390-9008 | (203) 325-4491 |
| jgoldstein@selendygay.com | sbloch@sgtlaw.com |

*Counsel for Plaintiffs and Proposed Class*

cc:     All counsel of record (via ECF)