SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3717
EMAIL ADDRESS
Lara.Flath@SKADDEN.COM

October 3, 2025

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re: <u>Underwood et al. v. Coinbase Global, Inc. et al.</u>, No. 1:21-cv-08353 (S.D.N.Y)

Dear Judge Engelmayer:

Defendants write in opposition to Plaintiffs' letter dated September 30, 2025, requesting that the Court re-open depositions and compel Rule 30(b)(6) testimony regarding Coinbase Inc.'s staking services. (ECF No. 131 ("Letter").) This request constitutes an eleventh-hour attempt to amend their complaint through discovery by injecting new and collateral issues into this case that were never pled or even mentioned by Plaintiffs during months of heavily negotiated discovery prior to the September 19 deposition of Jaclyn Sales. For the reasons set forth below, this request should be denied.

**I.      Relevant Background**

Despite being over 300 pages and 1,107 paragraphs long, nowhere does the Amended Complaint (ECF 43 ("AC")) allege a single fact about Coinbase's "staking services," which allow users to participate in a given network's staking or governance features, let alone allege that such services provide a basis for Plaintiffs' theory that Defendants "solicited" Plaintiffs' purchases and thus should be held liable as statutory sellers. (AC ¶ 911 (alleging the ways Defendants supposedly solicited purchasers, including "airdrops," but not mentioning staking).) Tellingly, while the Amended Complaint does reference the concept of staking, it does so in the context of staking offered by third-party networks—not staking services provided by Defendants. (*See id.* ¶¶ 215, 353-54, 489, 500, 558, 593, 857.)[1] The Letter does not suggest otherwise.

---

[1] Generally speaking, "staking" is the practice of locking one's digital tokens on a blockchain network to participate in the network's transaction validation process or governance. In return for staking their tokens, users earn additional tokens from the token issuer or network itself, usually as a percentage of the tokens staked. *See* https://www.coinbase.com/learn/crypto-basics/what-is-staking. Through its staking services, which are entirely separate from its trading services, Coinbase enables holders of certain tokens to participate in those token networks' staking and/or governance processes and thus earn additional tokens from those networks. *Id.*

Hon. Paul A. Engelmayer
October 3, 2025

Unsurprisingly then, and consistent with the scope of the Amended Complaint, Plaintiffs have never raised staking services over the last three years of active litigation. They did not mention it in response to Defendants' motion to dismiss their solicitation claims (ECF No. 62); did not mention it on appeal of this Court's order dismissing their solicitation theory (ECF No. 94); and did not mention it in response to Defendants' motion for judgment on the pleadings (ECF No. 84). Even though the Court expressly authorized discovery on the issue of whether Defendants successfully solicited the purchase of the tokens at issue, throughout the discovery process, Plaintiffs did not ask Defendants a single question regarding Coinbase's staking services. Plaintiffs did, however, request information regarding Defendants' policies and procedures relating to other specific "rewards" programs that they alleged Defendants offered to users, including airdrops. And over the course of several weeks, as the parties negotiated the scope of Rule 30(b)(6) depositions, Plaintiffs had ample opportunity to raise staking services as a relevant topic but never did so.

Against this backdrop, the parties agreed to Rule 30(b)(6) Topic 10: "Coinbase, Inc.'s general policies and practices from October 8, 2019 to September 30, 2024, relating to 'airdrops' or 'rewards' of Tokens." Staking services were not specified in Topic 10, nor did Plaintiffs identify any documents regarding staking about which they planned to ask the witness (despite identifying numerous other documents for numerous other Topics).[2] It was not until during Ms. Sales' deposition that Plaintiffs first raised staking services. When Plaintiffs' counsel questioned Ms. Sales on the subject, Defendants objected to scope but allowed her to testify in her individual Rule 30(b)(1) capacity. Following the meet and confer process, in which Plaintiffs asked for only an additional hour of testimony on this subject, Plaintiffs filed their Letter seeking to re-open the deposition for up to two hours. (Letter at 3.)[3]

## II. Plaintiffs' Request Should Be Denied

### A. Plaintiffs Cannot Seek Discovery Of Unpled Issues

It is axiomatic that a party may not amend its complaint through a discovery request, and courts routinely bar discovery into issues that were not pled. *See Resqnet.Com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *4-5 (S.D.N.Y. July 21, 2004) (prohibiting counsel from deposing a witness on a defense that was never asserted and noting that a party "is not entitled to depose [a witness] on issues that have not been pled"); *see also Z.P. v. Yale Univ.*, 2019 WL 4573229, at *3 (D. Conn. Sept. 20, 2019) ("Plaintiff is not entitled to discovery into claims not alleged in the complaint"). This rule serves an important purpose: to prevent the use of discovery as a "fishing expedition" into new theories or allegations. *See United States ex rel. Bilotta v. Novartis Pharms. Corp.*, 2015 WL 13649823, at *2 (S.D.N.Y. July 29, 2015) (citing cases).

Here, Plaintiffs never pled that Defendants solicited purchasers through staking services. While the Amended Complaint includes broad allegations that Coinbase marketed and promoted the tokens at issue, it does not allege that these supposed solicitations included the provision of staking services. Now, in an effort to belatedly shoehorn this issue into the Amended Complaint,

---

[2] While Defendants produced certain documents that referenced staking (Letter at 1, Ex. D), those documents were produced as responsive for other reasons—primarily, as blogs, articles or tweets about the tokens at issue.

[3] Plaintiffs assert that Ms. Sales gave "conflicting answers as to how staking works" (Letter at 1), but merely cite to numerous pages of testimony without any explanation as to how or why her answers were conflicting.

Hon. Paul A. Engelmayer
October 3, 2025

Plaintiffs rely on three paragraphs: paragraphs 157, 215, and 374. (Letter at 2-3.) This is unavailing. Not only do those paragraphs lack any allegation about *Coinbase's* staking services, they make clear that token issuers and networks themselves—not Defendants—determine and pay "staking rewards" to users. (AC ¶ 157 (attributing "participation rewards" to the Algorand Foundation to support the ALGO network); *id.* ¶ 215 (noting that AXS holders "can claim rewards for staking their tokens" with no allegation that Coinbase offered staking services); *id.* ¶ 374 (describing EOS protocol-level rewards and inflation mechanics, with no mention of Coinbase-related services).) If anything, these paragraphs undermine Plaintiffs' position by reflecting that Plaintiffs were well aware of staking when they filed the Amended Complaint, yet did not plead any facts tying such activities to Defendants' staking services or alleging that they form the basis of any solicitation theory.[4]

At bottom, Plaintiffs cannot compel discovery on a subject they failed to allege in their Amended Complaint, and their last-minute attempt to amend their pleading and inject this collateral topic into the case should be denied. *Resqnet.Com,* 2004 WL 1627170 at *4-5; *see also Z.P.*, 2019 WL 4573229 at *3.

B.  Plaintiffs Did Not Raise Staking In Their Rule 30(b)(6) Deposition Topics

Just as they failed to include any allegations about Coinbase's staking services in the Amended Complaint, Plaintiffs also did not include staking in their Rule 30(b)(6) notice. A corporate designee's obligation to provide testimony is limited to matters "described with reasonable particularity." FRCP 30(b)(6). Despite extended negotiations, including Defendants' requests to provide additional specificity and/or the identification of specific documents, Plaintiffs did not identify staking services at all, let alone with reasonable particularity. *Winfield v. City of New York*, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018). While Plaintiffs argue that their topic referred to "airdrops or rewards of Tokens," this vague description does not identify staking services. Nor does staking reasonably fall within its scope: Plaintiffs have sought testimony regarding *Coinbase's* offer of "rewards" to users, which Plaintiffs (incorrectly) contend are "solicitations" that render Coinbase a "statutory seller." Putting aside the infirmities in that theory, it is inapplicable to staking proceeds, which are paid by *crypto issuers or networks* themselves, not by Coinbase. (*See* AC ¶¶ 214, 353, 489, 500, 558, 593, 857.) Accordingly, Plaintiffs' assertion that they meant to include staking services when they generically referred to "rewards"—after having never previously raised staking services in this matter—does not pass muster. *See Cruz v. City of N.Y.*, No. 1:15-cv-2265, ECF No. 34 at *2 (S.D.N.Y. 2016) (Engelmayer, J.) (denying motion to reopen deposition where plaintiff "had ample time and opportunity to pursue much of the evidence he now seeks, including evidence, if he regarded it as consequential"). And again, even if Plaintiffs had included staking in their notice, they never pled that Defendants solicited purchasers through Coinbase's staking services and cannot expand their case through a Rule 30(b)(6) deposition notice. *Resqnet.Com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *4-5.

For the foregoing reasons, the Court should deny Plaintiffs' request. In the event that Plaintiffs are allowed to re-open deposition testimony (and they should not be), Plaintiffs should be permitted, at most, one additional hour of additional testimony.

---

[4] Plaintiffs' citation to *Martin v. Bottom Line Concepts, LLC* (Letter at 3) is inapposite. This is not the case of Plaintiffs pleading "multiple, alternative legal theories" "based on one set of facts," 723 F. Supp. 3d 270, 283 n.6 (S.D.N.Y. 2024)—it is a case of Plaintiffs not pleading those facts to begin with.

Hon. Paul A. Engelmayer
October 3, 2025

                                         Respectfully submitted,

/s/ *Lara A. Flath*
Jay B. Kasner
Lara A. Flath
Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
jay.kasner@skadden.com
lara.flath@skadden.com
alexander.drylewski@skadden.com

*Attorneys for Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong*

cc:      All counsel of record (via ECF)