UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER UNDERWOOD *et al.*,

                                     Plaintiffs,

                -v-

COINBASE GLOBAL, INC. *et al.*,

                                     Defendants.

---

21 Civ. 8353 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a discovery dispute.  Plaintiffs have moved to compel Coinbase

Global, Inc. and Coinbase, Inc. (collectively, "Coinbase") to designate and produce a witness,

under Federal Rule of Civil Procedure 30(b)(6), to testify for up to two hours as to a topic on

which, according to plaintiffs, Coinbase's previous designee was unprepared to testify.  Dkt. 130.

Coinbase has opposed.  Dkt. 135.  For the following reasons, the Court grants the motion to

compel.

## I.    Background

The Court assumes familiarity with the background of this putative class action, in which

plaintiffs pursue claims against Coinbase and individual defendant Brian Armstrong under the

Securities Act of 1933 and state law.  *See* Dkt. 43 (the "AC").[1]  In essence, plaintiffs allege that

Coinbase lists and sells digital assets that qualify as "securities," without registering with the

---

[1] Plaintiffs also brought claims under the Securities Exchange Act of 1934, but these have been
dismissed.  *See Underwood v. Coinbase Glob., Inc.*, 654 F. Supp. 3d 224, 230 (S.D.N.Y. 2023),
*aff'd in part, rev'd in part sub nom.*, *Oberlander v. Coinbase Glob. Inc.*, No. 23-184-cv, 2024
WL 1478773 (2d Cir. Apr. 5, 2024).

U.S. Securities and Exchange Commission as a securities exchange or broker-dealer.[2]  The case

is now at the end of fact discovery.

Relevant here, on August 29, 2025, plaintiffs timely noticed a deposition of Coinbase

under Rule 30(b)(6).  *See* Dkt. 131-1.  On September 5, 2025, defendants served objections and

responses.  Dkt. 131-2.  In these, defendants agreed to designate a corporate representative to

testify about, among other topics, Coinbase's "general policies and practices from October 8,

2019 to September 30, 2024 related to 'airdrops' or 'rewards' of Tokens."  *Id.* at 10.

On September 19, 2025, senior director of communications Jaclyn Sales—whom

Coinbase had designated as its Rule 30(b)(6) witness for these topics—appeared for a deposition,

to last up to seven hours.  Dkt. 130 at 1.  During the deposition, Coinbase objected to plaintiffs'

questions about "staking tokens" and "governance rewards" as outside the scope of Ms. Sales's

agreed-upon testimony.  *E.g.*, Dkt. 130-2 at 3–4, 33.  Ms. Sales also testified that she had not

prepared with Coinbase's counsel to address either of those issues.  *See, e.g.*, *id.* at 19–20, 23–24.

The deposition ended after approximately three hours and 12 minutes.  Dkt. 130 at 1.

Later that day, plaintiffs requested that Ms. Sales or another corporate designee give

testimony as to staking rewards, governance rewards, and other rewards offered by Coinbase.  *Id.*

at 1–2.  On September 30, 2025—following meet-and-confers on September 23 and 29, 2025—

Coinbase informed plaintiffs that it would not produce the requested witness.  *Id.* at 2.

That day, plaintiffs filed a letter requesting that the Court compel Coinbase to produce a

Rule 30(b)(6) witness, for up to two hours, to answer questions about those issues.  Dkt. 130 at 3.

---

[2] Plaintiffs' allegations are summarized in greater length in the Court's decision resolving
Coinbase's motion under Federal Rule of Procedure 12(c).  *See* Dkt. 94.

On October 3, 2025, Coinbase opposed.  Dkt. 135.  Fact discovery closed that same day.

Dkt. 130 at 3.

## II.    Applicable Legal Standards

### A.    Federal Rule of Civil Procedure 26(b)(1)

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."  A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The party seeking discovery bears the burden of demonstrating its relevance.  *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010).  "[R]elevance, for purposes of discovery, is an extremely broad concept."  *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004).  Once relevance has been shown, the responding party must justify limiting discovery.  *See id.* at 106; *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015).  District courts have "wide discretion in [the] handling of pre-trial discovery."  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

### B.    Federal Rule of Civil Procedure 30(b)(6)

Under Rule 30(b)(6), "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject."  *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999).  "Producing an unprepared witness is tantamount to a failure to appear."  *In re Customs & Tax Admin. of the*

*Kingdom of Denmark (SKAT) Tax Refund Litig.*, 2021 WL 6064793, at *2 (S.D.N.Y. Dec. 22, 2021) (quoting *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007)).  Under such circumstances, courts may compel the deponent to "produce a new Rule 30(b)(6) witness fully and properly prepared to answer questions" relating to topics on which the original designee was unable to testify.  *Id.* at *4.

## III.    Discussion

Coinbase agreed to designate a corporate representative to testify to its policies and practices related to "rewards of tokens."  Dkt. 131-2 at 10 (cleaned up).  The dispute here turns on the scope of that term.  Plaintiffs argue that staking rewards, governance rewards, and other rewards programs fall within this topic.[3]  Dkt. 130 at 2.  Coinbase counters that the AC does not explicitly reference Coinbase's staking services, or allege that such support holding Coinbase liable as a statutory seller.  *Id.* at 1.  It argues that the testimony plaintiffs seek about such rewards is extrinsic to their claims.  *Id.*

Plaintiffs are correct.  Reasonably construing the agreed-upon topic of "token rewards," rewards programs, including staking rewards and governance rewards, fall within the meaning of that topic.  Ms. Sales' testimony supports that.  *See, e.g.*, Dkt. 130-2 at 10 ("Q.  Is a staking reward different than a reward of a token?  A.  The action you have to take to receive that reward is different.  Do both outcomes then have users receive a token?  Yes." (cleaned up)).  And although Coinbase objected that plaintiffs had not described "with reasonable particularity" their notice as to testimony on "airdrops or similar means," Coinbase did not make a comparable

---

[3] "Staking" refers to the practice by which users lock their digital assets on a blockchain network to participate in that network's transaction validation process, in exchange for additional tokens from the token issuer or network itself.  Dkt. 135 at 1 n.1.

objection—or otherwise seek to cabin—the term "rewards of tokens" within the same topic. Dkt. 131-2 at 10 (cleaned up).

Coinbase's counterarguments take too cramped a view of permissible discovery under Rule 26(b)(1). Even assuming *arguendo* that token issuers and networks—not Coinbase itself— pay staking rewards to users, the AC does allege that Coinbase solicited sales of tokens by referencing such participation rewards. *See* AC ¶¶ 157, 215. The topic on which plaintiffs seek testimony thus properly bears on their claims. *See, e.g.*, *Oppenheimer Fund*, 437 U.S. at 351; *Arch Assocs., Inc. v. HuAmerica Int'l, Inc.*, No. 93 Civ. 2168, 1994 WL 30487, at *2 (S.D.N.Y. Jan. 28, 1994). And the burden on Coinbase from a two-hour deposition of a designee is minimal. *See, e.g.*, *MG Freesites Ltd. v. Scorpcast, LLC*, No. 22 Misc. 361 (PAE), 2023 WL 2822272, at *3–4 (S.D.N.Y. Apr. 7, 2023); *see also Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *6 (S.D.N.Y. June 19, 2019) (on showing of relevance by party seeking discovery, burden shifts to opposing party to show undue burden). Indeed, even with two additional hours of testimony, Ms. Sales' testimony (three hours and 12 minutes to date) falls far below the seven hours initially allotted for it.

## CONCLUSION

For the reasons above, the Court grants plaintiffs' motion to compel Coinbase to produce a Rule 30(b)(6) witness who is prepared to answer questions as to Coinbase's policies and practices, between October 8, 2019 and September 30, 2024, related to its rewards programs for tokens, including but not limited to staking rewards and governance rewards. Coinbase will promptly make such a witness available to give testimony, limited to this point, for up to two hours. For avoidance of doubt, the October 3, 2025 deadline for fact discovery otherwise remains in effect.

The Clerk of Court is respectfully directed to terminate the motion at docket 129.[4]

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Dated: October 7, 2025
       New York, New York

---

[4] Plaintiffs have moved to seal limited portions of the letter-motion for this relief, plus two of the four exhibits they appended. Dkt. 129. The Court grants that motion. Plaintiffs have publicly filed a redacted version of their motion and the other two exhibits. Dkts. 131, 131-1, 131-2. The Court finds the redactions and sealing narrowly tailored and necessary to protect commercially sensitive information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).