# Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3717
DIRECT FAX
(917) 777-3717
EMAIL ADDRESS
LARA.FLATH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

November 14, 2025

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, New York 10007

RE:   *Underwood, et al. v. Coinbase Global, Inc.*,
      1:21-cv-08353-PAE

Dear Judge Engelmayer:

On behalf of Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong, we write pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice and Local Civil Rule 37.2 regarding the below discovery dispute.[1] The parties met and conferred telephonically on November 3, 2025, and subsequently through email, but were unable to reach agreement.

Defendants respectfully request that the Court order Plaintiffs to answer Defendants' single contention interrogatory: Identify each Document, Communication, or Act that You contend constitutes a Solicitation of Tokens by any Defendant (the "Interrogatory"). The Interrogatory, served on November 3, 2025, is narrowly tailored and designed to enable efficient summary judgment practice regarding Plaintiffs' claims under the solicitation prong of *Pinter v Dahl*, 486 U.S. 622 (1988).

In the Amended Complaint, Plaintiffs pleaded their theory that Defendants "solicited" the sales of Tokens, and thus can be liable as "statutory sellers" of those Tokens, as follows:

---

[1] Defendants initially proposed raising this discovery dispute in a joint letter, which Plaintiffs declined.

Hon. Paul A. Engelmayer
November 14, 2025

> Coinbase solicits the Tokens for sale in order to earn trading fees. Coinbase promotes the sale of Tokens by providing users with descriptions of each Token and its purported value proposition. Coinbase also participated in direct promotions, including "airdrops" of free Tokens designed to increase trading volume. Coinbase also writes news updates on price movements of the Tokens, and links to stories about the Tokens published across the internet.

(ECF 43 at ¶ 911.) Plaintiffs sought broad discovery regarding nearly every facet of Coinbase Inc.'s marketing activities and services. With fact discovery on the statutory seller issue now complete, including the supplemental deposition ordered by the Court, Defendants seek Plaintiffs' position as to what specific acts or communications, if any, they believe constitute "solicitations" so that Defendants may address those contentions directly and efficiently at summary judgment. Because the answer to this question lies solely within Plaintiffs' knowledge, the Interrogatory is the most reasonable (and in fact, the only) way for Defendants to obtain this critical information prior to summary judgment. By contrast, Plaintiffs face little to no prejudice by having to answer the Interrogatory and identify the supposed acts or communications that they contend are solicitations—an issue on which they carry the burden of proof.

Although Plaintiffs' full response to the Interrogatory is not due until December 3, 2025, Plaintiffs confirmed that they will object to the Interrogatory in part on the ground that it is untimely under the scheduling order signed by the Court (ECF 105, "Scheduling Order").[2] While the Scheduling Order provides for "[a]ll interrogatories to be served by August 4, 2025," Defendants respectfully request leave to proceed with the Interrogatory for several reasons. First, contention interrogatories, like the Interrogatory, are typically served only after document and deposition discovery has concluded. *See* Local Civil Rule 33(c); *cf. also Pratt v. Atalian Glob. Servs. Inc.*, 2021 WL 1234253, at *2 (S.D.N.Y. Apr. 2, 2021) (Engelmayer, J.) (deeming contention interrogatories premature when served before depositions began and noting that, "with discovery closing in just over a month, service of and responses to such interrogatories may soon be more practical and, thus, timely.").

Second, Plaintiffs' evolving position in fact discovery, much of which occurred after the August 4 interrogatory deadline, has emphasized the practical need for the Interrogatory. Indeed, Plaintiffs first began taking depositions on September 19—a month and a half after the interrogatory deadline. While Plaintiffs pleaded in the Amended Complaint that "airdrops" fell within their solicitation theory, they did not ask any deposition witness a single substantive question about airdrops. Conversely, Plaintiffs

---

[2] Given the need to resolve this issue in advance of pre-motion submissions on summary judgment, Defendants requested that Plaintiffs provide their position on the timeliness of the Interrogatory prior to Plaintiffs' response deadline, similar to a request that Plaintiffs had made of Defendants earlier in discovery. Plaintiffs responded that they "intend to object to [the] [I]nterrogatory on multiple grounds, including because it is untimely." (Ex. A, Email from J. Goldstein, dated November 7, 2025.)

Hon. Paul A. Engelmayer
November 14, 2025

pushed for and received deposition testimony regarding staking services and other "rewards" offered by Coinbase on the ground that such actions may constitute "solicitations," *see* ECF 131, despite not alleging such actions were solicitations in the Amended Complaint.  This is in addition to the numerous documents and communications that Plaintiffs obtained in discovery for which it is currently unclear whether Plaintiffs believe they are "solicitations under *Pinter*.  It is for this exact reason that contention interrogatories are most practical after fact discovery, once the parties' positions are more fully developed and refined.  *See, e.g.*, *In re Facebook, Inc.*, No. MDL 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016) ("Contention interrogatories are more appropriately reserved for after discovery so that they may narrow issues already known, thus saving both the parties and the court from inefficiency and unnecessary delay.").

      Finally, permitting the Interrogatory "will enable the parties to litigate most efficiently . . . the claims at issue." *Volt Elec. NYC Corp. v. A.M.E., Inc.*, 2020 WL 6378945, at *2 (S.D.N.Y. Oct. 30, 2020) (Engelmayer, J.) (ordering a "full and prompt response" to a contention interrogatory).  Defendants should not have to guess at what alleged "solicitations" must be addressed at summary judgment, and Plaintiffs can point to no good reason to withhold that information now.

      Accordingly, in order to streamline the litigable issues in the case, including at summary judgment, Defendants respectfully submit that good cause exists to permit the Interrogatory.  We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ *Lara A. Flath*
Jay B. Kasner
Lara A. Flath
Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
jay.kasner@skadden.com
lara.flath@skadden.com
alexander.drylewski@skadden.com

*Attorneys for Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong*

Cc:    All counsel of record (via ECF)

3