Selendy|Gay 

November 18, 2025

**Via ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

**Re:**   *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-8353 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

Pursuant to this Court's Individual Rule 2.C and Local Civil Rule 37.2, Plaintiffs respectfully submit this letter in response to Defendants' November 14 letter, Dkt. 140. Defendants' contention interrogatory is untimely and overbroad, and Defendants offer no good cause to disrupt the discovery schedule, which they agreed to and the Court ordered.

**Background.** Under the Civil Case Management Plan ("CMP") submitted by the parties and ordered by the Court on March 7, 2025, "[a]ll interrogatories [were] to be served by August 4, 2025," and "[a]ll fact discovery regarding issues relevant to whether Defendants acted as 'statutory sellers' … [was to] be completed no later than October 3, 2025." Dkt. 105 ¶¶ 5, 6(c). The Court's October 7 order compelling Coinbase to produce a properly prepared Rule 30(b)(6) witness to testify on certain topics confirmed that "the October 3, 2025 deadline for fact discovery otherwise remains in effect." Dkt. 136, at 5.

On Friday, October 31, 2025—nearly *three months* (91 days) after the deadline to serve all interrogatories, and four weeks *after* the close of fact discovery—Defendants for the first time informed Plaintiffs that they now wished to serve a contention interrogatory. During the parties' meet-and-confer on Monday, November 3, Defendants described generally the contention interrogatory they intended to serve, calling it "narrow." The actual interrogatory served by Defendants later that day was not narrow: it demands that Plaintiffs "[i]dentify each Document, Communication, or Act that [Plaintiffs] contend constitutes a Solicitation of Tokens by any Defendant." Moreover, notwithstanding the 30-day response time afforded to Plaintiffs under Federal Rule of Civil Procedure 33(b)(2), Defendants requested that Plaintiffs accelerate that deadline and state by Friday, November 7 (*i.e.*, four days later), whether Plaintiffs "intend to decline to answer based on a timeliness objection." As a professional courtesy, Plaintiffs informed Defendants on November 7 that they "intend[ed] to object to [the] interrogatory on multiple grounds, including because it is untimely." Defendants then waited another week before filing a letter with the Court.

**Argument.** Plaintiffs should not be compelled to respond to Defendants' contention interrogatory because it was untimely served, is substantively improper, and Defendants offer no good cause to disrupt the Court's discovery schedule.

Hon. Paul A. Engelmayer
November 18, 2025

The interrogatory is untimely by nearly *three months*. Local Civil Rule 33.3(c) provides, "At the conclusion of other discovery, and at least 30 days before the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served *unless the court has ordered otherwise*" (emphasis added). Here, the CMP expressly "ordered otherwise," by requiring *all* interrogatories to be served no later than August 4, 2025. Dkt. 105 ¶ 6(c). "All" means "all." If Defendants had wanted to serve a contention interrogatory, they were required to do so by August 4, 2025. They did not.

This Court's recent ruling in *Volt Elec. NYC Corp. v. A.M.E., Inc.*, No. 20 Civ. 4185 (PAE), 2020 WL 6378945 (S.D.N.Y. Oct. 30, 2020), is on all fours with this case. There, this Court held that the deadline for all interrogatories set forth in the so-ordered case management plan governed "all interrogatories, even those that may be properly classified as 'contention interrogatories.'" *Id.* at *2; *accord Cerco Bridge Loans 6 LLC v. Schenker*, No. 23 Civ. 11093 (DEH), 2024 WL 4751687, at *2 (S.D.N.Y. Oct. 8, 2024) ("Plaintiff's interrogatories are untimely under both the case management plan, see ECF Nos. 34 ¶ 7(c), 104 ¶ 7, and SDNY Local Rule 33.3(c), which applies 'unless the court has ordered otherwise.'"). Defendants' request is thus untimely under the CMP.

Even if the Court had not set an express August 4 deadline for serving "[a]ll interrogatories," Dkt. 105 ¶ 6(c)—which it did—Defendants' interrogatory is untimely for the additional reason that it was not served "at least 30 days before the discovery cut-off date," as required under Local Civil Rule 33.3(c). Although "*responses* to contention interrogatories will be due at the *very end* of the fact discovery period," *Pratt v. Atalian Glob. Servs. Inc.*, No. 20 Civ. 3710 (PAE), 2021 WL 1234253, at *2 (S.D.N.Y. Apr. 2, 2021) (first emphasis added) (quoting *Erchonia Corp. v. Bissoon*, No. 07 Civ. 8696 (DLC), 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011)); *accord CG3 Media, LLC v. Belleau Techs., LLC*, No. 21 Civ. 4607 (MKV), 2022 WL 1172499, at *2 (S.D.N.Y. Apr. 20, 2022), the deadline (in the absence of a Court order to the contrary) by which Defendants had to *serve* the interrogatory was September 3, 2025 (*i.e.*, 30 days before the close of fact discovery). Defendants missed that deadline by over *two months* (61 days). (Moreover, as noted above, Defendants in fact missed the deadline by nearly *three months*, given the Court set an August 4 deadline for serving all interrogatories.) Defendants' reliance on *In re Facebook, Inc.*, No. MDL 12-2389 (RWS), 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016) (Defs.' Letter at 3), is misplaced because that case involved contention interrogatories that were *premature*, not late, and in any event reaffirmed the undisputed rule "that, absent exceptional circumstances, [Local Rule 33.3(c)] firmly reserves service of contention interrogatories until 30 days before the completion of discovery." *Id.* at *3. As noted above, Defendants missed that deadline by over two months.

Nor have Defendants established the good cause necessary under Federal Rule of Civil Procedure 16 to reopen fact discovery, which closed over 30 days before they served their contention interrogatory. *See Zelaya v. Tutor Perini Corp.*, No. 16 Civ. 272 (AJN), 2017 WL 4712421, at *3 (S.D.N.Y. Sept. 28, 2017) ("Reopening discovery … requires a showing of good cause, as does a motion to compel after discovery has closed."); *accord Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139–40 (S.D.N.Y. 2011) ("Where a party is aware of the existence of documents or other information before the close of

Hon. Paul A. Engelmayer
November 18, 2025

discovery and propounds requests after the deadline has passed, those requests should be denied."). The proponent of reopening discovery "must show that, despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." *Tatintsian v. Vorotyntsev*, 16 Civ. 7203 (GHW), 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (citations omitted). Here, Defendants' deliberate choice to ambush Plaintiffs *three months* after this Court's deadline under the CMP; *two months* after the default deadline under Local Rule 33.3(c); and over *one month* after the close of fact discovery is, literally, inexcusable and demonstrates a clear lack of diligence on their part. *See Tatintsian*, 2021 WL 780139, at *5 ("[T]he failure to seek court intervention until six weeks after the close of discovery demonstrates that [the defendants] were not diligent in bringing their request.").

Further, Defendants' motion—if granted—would be incredibly disruptive and prejudicial to Plaintiffs. The parties are in the midst of expert discovery, with opening expert reports having been served on November 17, which will be followed by rebuttal expert reports (on December 12), then expert depositions (by January 14), and then initial summary judgment papers. Reopening fact discovery for Defendants' burdensome contention interrogatory would interfere with Plaintiffs' ongoing work to meet the above deadlines, and in any event is untimely.

Defendants suggest that their delay in serving their contention interrogatory is justified because "Plaintiffs first began taking depositions on September 19" (Defs.' Letter at 2), but that makes no sense. Defendants were aware by August 4 that no depositions had been noticed (let alone taken); therefore, they were on full notice that any contention interrogatory would have to be served well before the start of depositions. Defendants could easily have served the interrogatory by August 4 (or sought a continuance of that deadline), with Plaintiffs' response held in abeyance during the remainder of fact discovery. Such an approach would have permitted the parties to conduct discovery in an orderly manner with an awareness as to Plaintiffs' need to respond to this interrogatory at the end of discovery. Instead, Defendants waited until all fact discovery was closed before first raising this interrogatory. Discovery should not be a game of "gotcha."

Defendants' contention interrogatory is also substantively improper. "Contention interrogatories should be carefully tailored to obtain 'contentions'; they are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery." *Fishon v. Peloton Interactive, Inc.*, No. 19 Civ. 11711 (LJL), 2021 WL 4124661, at *1 (S.D.N.Y. Sept. 9, 2021) (quoting Michael Silberberg et al., *Civil Practice in the Southern District of New York* § 20:7 (2020)). This interrogatory is not, as Defendants contend, "narrowly tailored." Defs.' Letter at 1. Because the interrogatory effectively "seek[s] every fact, every piece of evidence … and every application of law to fact," it is "overly broad and unduly burdensome." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Even if the interrogatory were timely—and it is not—it is also substantively improper, and Plaintiffs should not be required to answer it.

Because Defendants' contention interrogatory is both untimely and substantively improper, their motion to compel should be denied.

3

Hon. Paul A. Engelmayer
November 18, 2025

Respectfully submitted,

| | |
|---|---|
| SELENDY GAY PLLC | SILVER GOLUB & TEITELL LLP |
| */s/ Jordan A. Goldstein* | */s/ Steven L. Bloch* |
| Jordan A. Goldstein | Steven L. Bloch |
| 1290 Avenue of the Americas, 20th Floor | 1 Landmark Square, 15th Floor |
| New York, NY 10104 | Stamford, CT 06901 |
| (212) 390-9008 | (203) 325-4491 |
| jgoldstein@selendygay.com | sbloch@sgtlaw.com |

*Counsel for Plaintiffs and Proposed Class*

cc:   All counsel of record (via ECF)