UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER UNDERWOOD *et al.*,

                            Plaintiffs,

            -v-

COINBASE GLOBAL, INC. *et al.*,

                            Defendants.

21 Civ. 8353 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a discovery dispute. Defendants ("Coinbase") move to compel plaintiffs to answer a contention interrogatory that calls on plaintiffs to identify the documents or acts on which plaintiffs' solicitation claims are based. Dkt. 140. Plaintiffs oppose this request as untimely and overbroad. Dkt. 142. For the following reasons, the Court denies the motion.

## I. Background

The Court assumes familiarity with this putative class action, in which plaintiffs are suing Coinbase under the Securities Act of 1933 and state law. *See* Dkt. 43 (Amended Complaint).[1] In essence, plaintiffs allege that Coinbase lists and sells digital assets that qualify as "securities," without registering with the U.S. Securities and Exchange Commission as a securities exchange or broker-dealer.[2]

---

[1] Plaintiffs also brought claims under the Securities Exchange Act of 1934, but these have been dismissed. *See Underwood v. Coinbase Glob., Inc.*, 654 F. Supp. 3d 224, 230 (S.D.N.Y. 2023), *aff'd in part, rev'd in part sub nom.*, *Oberlander v. Coinbase Glob. Inc.*, No. 23-184-cv, 2024 WL 1478773 (2d Cir. Apr. 5, 2024).

[2] Plaintiffs' allegations are summarized in greater length in the Court's decision resolving Coinbase's motion under Federal Rule of Procedure 12(c). *See* Dkt. 94.

Relevant here, on March 7, 2025, the Court so-ordered the parties' proposed case management plan. Dkt. 105 ("CMP"). Under the CMP, "[a]ll interrogatories" were to be served by August 4, 2025, and fact discovery closed on October 3, 2025. *Id.* The case is currently in expert discovery. Dkt. 139.

On November 3, 2025, Coinbase served the contention interrogatory at issue on plaintiffs. The interrogatory called on them, by December 3, 2025, to "identify each document, communication, or act that [they] contend constitutes a solicitation of tokens by any defendant." Dkt. 140 (cleaned up).

**II.   Discussion**

Coinbase's November 3, 2025 interrogatory is untimely by nearly three months. "All interrogatories" were to be served by August 4, 2025. CMP ¶ 6(c). That category of discovery plainly covered contention interrogatories. *E.g.*, *Volt Elec. NYC Corp. v. A.M.E., Inc.*, No. 20 Civ. 4185 (PAE), 2020 WL 6378945, at *2 (S.D.N.Y. Oct. 30, 2020) (deadline for serving "all interrogatories" included contention interrogatories). And, to the extent the interrogatory was aimed at informing summary judgment motions, as Coinbase asserts, such will be achieved by the Court's ordinary practice, under its Individual Rule 3(H), of requiring pre-motion letters and holding a conference on the same before these motions are filed.

Coinbase's counterarguments are unpersuasive. First, it cites Local Rule 33.3(c) as supporting that contention interrogatories are typically served only after fact discovery closes. That is wrong. The Rule provides that any such interrogatories be served "at least 30 days prior to the discovery cut-off date . . . unless the Court has ordered otherwise." Here, the Court ordered otherwise: all interrogatories were to be served by August 4, 2025. CMP ¶ 6(c). And even if the CMP had not set an interrogatory deadline—which it did—Local Rule 33.3(c) would

still have required contention interrogatories to be served by September 3, 2025—two months before Coinbase served this interrogatory.

Second, Coinbase asserts that plaintiffs' theory of solicitation liability has evolved during discovery and that plaintiffs only began taking depositions after the CMP's deadline to serve interrogatories. These developments, Coinbase argues, justify the untimeliness of its interrogatory. That is wrong, too. The contention interrogatory does not seek answers specific to any case developments that may have occurred after the August 4 interrogatory deadline. Instead, it asks the basic and predictable question of what evidence plaintiffs intend to rely on to prove their solicitation claims. Coinbase could have timely served this interrogatory with a response deadline for after fact discovery concluded, but did not do so. Such does not supply good cause for the substantial extension of the interrogatory deadline that it now seeks. *See, e.g., Cerco Bridge Loans 6 LLC v. Schenker*, No. 23 Civ. 11093, 2024 WL 4751687, at *2 (S.D.N.Y. Oct. 8, 2024) (denying motion to compel answers to contention interrogatories that were untimely under both the case management plan and S.D.N.Y. Local Rule 33.3(c)).

## CONCLUSION

For the reasons above, the Court denies Coinbase's motion to compel.

SO ORDERED.

PAUL A. ENGELMAYER<br>
United States District Judge

Dated: November 19, 2025<br>
New York, New York