August 13, 2026

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

**Re: *Underwood, et al. v. Coinbase Global, Inc., et al.*, No. 1:21-cv-08353-PAE (S.D.N.Y.)**

Dear Judge Engelmayer:

We write jointly on behalf of the parties in the above-captioned action in response to the Court's order directing the parties to propose next steps. *See* Dkts. 224, 228. The parties agree that they should proceed next to class certification discovery and then should brief class certification as to claims arising from corporate inventory transactions by the putative class(es). The parties further agree that class certification discovery may be further streamlined by Defendants' production of certain transactional data at the outset of this process. The parties request that, following Defendants' production of this threshold information, the parties be permitted jointly to propose to the Court a discovery and briefing schedule as to class certification.

Reserving all rights to seek further discovery, Plaintiffs have proposed that Defendants produce transactional data to inform for what tokens, over what time period, and for what scope of persons (*i.e.*, inside the U.S. only or worldwide), Plaintiffs will seek to certify a class and subclasses. At present, and reserving all rights, Plaintiffs intend to certify the following classes and subclasses: (i) a nationwide or worldwide class as to claims arising under Section 12(a)(1) of the Securities Act of 1933 and the unregistered securities and broker/dealer laws of California, *see* 15 U.S.C. §§ 77*l*(a)(1), 77o; Cal. Corp. Code §§ 25130, 25210, 25501.5, 25503, 25504; (ii) a Florida subclass, *see* Fla. Stat. §§ 517.07, 517.12, 517.211, and (iii) a New Jersey subclass, *see* N.J. Stat. §§ 49:3-56, 49:3-60, 49:3-71. At present, and reserving all rights, Plaintiffs further intend to certify the class for the time period from April 13, 2018, through the date of class certification. *See* 15 U.S.C. §§ 77m; Cal. Corp. Code 25507(a); Cal. Civ. Pro. 338(a); Rule 9(a), App'x I, Emergency Rules Related to COVID-19, https://www.courts.ca.gov/documents/appendix_I.pdf. Plaintiffs, however, are aware that certifying a class for this time period as to all 60 tokens raises burden concerns for the Court, parties, and non-parties. In addition, Defendants have indicated that they intend to dispute Plaintiffs' ability to represent purchasers of corporate inventory of all 60 tokens, given that, although Plaintiffs purchased all 60 tokens, according to the information produced to Plaintiffs in discovery, they only purchased 13 tokens from Coinbase's corporate inventory.

With each party reserving their respective rights, Defendants have agreed to endeavor in good faith to produce sufficient transaction data and information to permit

Plaintiffs to calculate their statutory damages on a per-token basis for the 13 tokens[1] that Plaintiffs purchased from Coinbase's corporate inventory for each of the following four non-overlapping time periods: (i) October 8, 2020 through July 31, 2026; (ii) October 8, 2019, through October 7, 2020; (iii) October 8, 2018, through October 7, 2019; and (iv) April 13, 2018, through October 7, 2018, and for Plaintiffs to make such calculations separately both for purchasers made in the U.S. and those made worldwide.[2] Defendants have stated that they anticipate being able to produce these materials to Plaintiffs within the next 60 days. Following that production, and following the resolution of any disputes over the completeness of that production, the parties will jointly propose to the Court a discovery and briefing schedule as to class certification.

Respectfully submitted,

/s/ *Jordan A. Goldstein*
Jordan A. Goldstein
Oscar Shine
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 390-9000
jgoldstein@selendygay.com

Steven L. Bloch
Ian W. Sloss
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
sbloch@sgtlaw.com
isloss@sgtlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

/s/ *Lara A. Flath* (on consent)
Lara A. Flath
Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
lara.flath@skadden.com
alexander.drylewski@skadden.com

*Attorneys for Defendants Coinbase Global, Inc., Coinbase, Inc., and Brian Armstrong*

[1] Those tokens are: AAVE, ACH, ADA, CRO, DOGE, FET, ICP, MATIC, SHIB, SKL, XLM, XRP, and XYO.

[2] It is Plaintiffs' position that their statutory damages under the California blue sky laws (which would apply to a nationwide class) are defined as follows: (I) as to tokens still held: upon tendering a token for which rescission is sought, the difference between (a) the consideration paid (in the fiat or digital currency in which such consideration was paid) plus simple interest at 7 percent per annum on that amount through the date of judgment, and (b) the income (if any) received by the Coinbase user from holding the token asset, *see* Cal. Corp. Code § 25501.5(a)(3); Cal. Const. art. XV, § 1; and (II) as to tokens that have been sold: the difference between (a) the price at which the token was purchased by the Coinbase user (in the fiat or digital currency in which consideration for the purchase was paid) plus simple interest at 7 percent per annum on that amount from the date of purchase through the present, and (b) the sum of (i) the value of any consideration received upon the sale of the token (in the fiat or digital currency in which the asset was sold), and (ii) the income (if any) received by the Coinbase user from holding the token, *see* Cal. Corp. Code § 25501.5(a)(4); Cal. Const. art. XV, § 1. Defendants reserve all rights.